UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

Civil Action No. 05-CV-01482-REB-MJW

GEORGE DEWEY,

       Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

       Defendant.

---

## DECLARATION OF DARREN E. NADEL IN SUPPORT OF FEE AWARD

---

I, Darren E. Nadel, declare as follows:

1. I have personal knowledge of the matters set forth in this Declaration, with the exception of certain facts set forth below which I assert on the basis of an informed belief. If called to testify under oath, I could do so truthfully and competently.

2. I am the lead trial attorney for Defendant Hewlett-Packard Company in this litigation. I make this declaration in accordance with the Court's Order of January 6, 2006, awarding HP its fees and costs incurred in obtaining an Order from this Court (1) requiring Plaintiff to respond to HP's requests for production, (2) requiring Plaintiff to further respond to HP's interrogatories and (3) requiring Plaintiff to answer deposition questions.

3. The descriptions of the work performed on behalf of HP, as described in this Declaration, are true and correct to the best of my knowledge.

4. I am a graduate of the Boalt Hall School of Law at the University of California, Berkeley. I graduated in 1991, and I am admitted to the bars of the State of California (1991) and the State of Colorado (1996). I am admitted to practice before the United States Supreme Court (1999), the Ninth Circuit Court of Appeals (1991), the Tenth Circuit Court of Appeals (1996), the United States District Court for the District of Colorado (1996), the United States District Courts for the Northern (1991), Eastern (1992), Central (1994) and Southern Districts of California (1993), and the Western District of Wisconsin (2003).

5. I have been a shareholder at Littler Mendelson, P.C. since 2003. Littler Mendelson is a national firm of over 400 lawyers with approximately 30 offices, and enjoys a reputation as the largest firm in the country that focuses its practice exclusively in the areas of labor and employment law. Prior to joining Littler Mendelson, I was the Vice President – Employment Law and Labor Relations at Qwest Communications International Inc. As such, I was the most senior ranking employee in Qwest's Labor Relations Department and in its Employment Law Group. I was responsible for all employment law litigation and advice at Qwest, including Qwest's interaction with its then 35,000 bargained-for employees. To carry out that responsibility I managed a staff of approximately 35 lawyers, paralegals and other professionals.

6. I have focused my practice on employment law since graduating from law school. I currently handle class and single party cases throughout the country, and emphasize my practice on complex areas of employment law such as wage and hour class and collective action litigation, ERISA class and fiduciary litigation, trade secrets litigation and discrimination litigation.

2

7. Mr. Joshua B. Kirkpatrick is a Shareholder who helped supervise this case during portions of the proceedings leading to the Court's January 6, 2006 Order while I was out of the country. I am informed that he is a graduate of the University of Michigan School of Law, Class of 1999, and is admitted to the bars of the State of Colorado (1999) and the State of Montana (2002). Mr. Kirkpatrick has practiced law in the Denver office of Littler Mendelson, P.C. since 1999.

8. Ms. Emily V. Pastorius is an Associate who has assisted me (and Mr. Kirkpatrick) with this case. I am informed that she is a graduate of University of Santa Clara School of Law, Class of 1998. She is admitted to the bars of the California (1998) and Colorado (1999). Ms. Pastorius has practiced law in the Denver office of Littler Mendelson, P.C. since 2005.

9. Ms. Kathy Matise is a senior paralegal who has assisted with this case. I am informed that she has been a litigation paralegal since 1986.

10. Mr. Kirkpatrick, Ms. Pastorius, Ms. Matise and I have followed time-keeping and billing practices on this case similar to the time-keeping and billing practices we follow on virtually every other case. We record our working time on an ongoing and current basis. On a monthly basis, our accounting department reviews and collates contemporaneous records and prepares itemized monthly statements which set forth all time spent on a case, by attorney or paralegal and by description of task, during the month in connection with which the bill is being prepared. The bill mailed to the client sets forth the charges for fees incurred and request reimbursement for disbursements made.

3

11. For ease of analysis, I have separated out the specific billing entries for which fees were awarded in this case. Those entries are attached to this Declaration as Exhibit A-1.

12. Because HP is a significant client of our firm, our firm gives HP a 10% discount on all time charged on any HP matter. The figures below are net figures that include the 10% discount given to HP. During the proceedings that form the basis for this Court's January 6, 2006 fee award, my time has been billed at a rate of $382.50 per hour. Mr. Kirkpatrick's time has been billed at a rate of $301.50 per hour. Ms. Pastorius' time has been billed at a rate of $274.50 per hour. Ms. Matise's time has been billed at a rate of $126.00 per hour.

13. I am generally familiar with the billing rates and billing practices followed in Denver, Colorado by legal professionals having experience comparable to my own, Mr. Kirkpatrick's, Ms. Pastorius' and Ms. Matise's. The hourly billing rates we have charged on this case, particularly considering the ten percent discount, are reasonable and comparable to the billing rates charged by Denver, Colorado legal professionals of similar experience for work on cases similar to this case.

14. Attached to this Declaration as Exhibit A-2 is a copy of an Order awarding fees for time incurred by a fellow shareholder, Frank Nachman, and Mr. Kirkpatrick. I am one level higher in our firm's Shareholder structure than Mr. Nachman is now or was then. The fee award in Exhibit A-2 was issued in 2003 and was based on billing rates at the inception of the litigation at issue, which was filed in 2002. (Exhibit A-1, p.6). The Court approved an hourly rate of $295 for Mr. Nachman and $185 for Mr. Kirkpatrick, who was then only a third year Associate. Given the passage of four years since those

4

rates were in effect, and given that Mr. Kirkpatrick is a Shareholder in our firm, the rates requested above are reasonable.

15. As set forth in the billing records attached to this Declaration as Exhibit A-2, I have spent 7.25 hours in connection with Plaintiff's deficient discovery responses, Mr. Kirkpatrick spent 5.0 hours in connection with Plaintiff's deficient discovery responses, Ms. Pastorius spent 11.25 hours in connection with Plaintiff's deficient discovery responses, and Ms. Matise spent 6.0 hours in connection with Plaintiff's deficient discovery responses.  Multiplied by our discounted billing rates, the total attorneys' fees incurred in connection with Plaintiff's deficient discovery responses is eight thousand one hundred twenty four dollars and eighty cents ($8,124.80).

16. We also incurred the following costs in connection with Plaintiff's deficient discovery responses: $2.60 for copying.

17. I have conferred with Counsel for Plaintiff regarding this fee request, but we have not been able to reach agreement regarding the appropriate amount of the fee award that should be issued following the Court's Order of January 6, 2006.

I have read this declaration consisting of this and four other pages. I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed by me in Denver, Colorado on January 20, 2006.

s/Darren E. Nadel
Darren E. Nadel

Firmwide:80755025.2 001577.1141

5