| | |
|---|---|
| District Court, Adams County, State of Colorado<br><br>Court Address: Adams County Justice Center<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601<br>Phone Number (303) 659-1161 | |
| REBECCA S. BURAS and WILLIAM P. BURAS,<br>    Plaintiffs,<br>v.<br>SERVICE EXPERTS, INC. a Delaware corporation;<br>LAKE ARBOR HEATING LLC, f/k/a LAKE ARBOR<br>HEATING, INC., d/b/a WESTSIDE HEATING & AIR<br>CONDITIONING, INC., a Colorado limited liability<br>company; JEBCO HEATING AND AIR CONDITIONING,<br>LLC, a Colorado corporation,<br>    Defendants. | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>02CV1646<br><br>Div.C        Ctrm: 505 |
| **ORDER** | |

The court has received and reviewed motions for attorney fees and costs filed by both plaintiffs and defendants. For each motion a response and reply has been filed. Neither party has requested a hearing on the motions. The court now dispenses with oral arguments and enters its ruling on the motion as stated herein.

This action proceeded to trial on three separate claims asserted by plaintiffs. These included: (1) a claim for declaratory relief seeking to void or modify a covenant not to compete executed by plaintiffs in favor of defendants; (2) an alleged violation of the Colorado Wage Claim Act, C.R.S. 8-4-104; and (3) an alleged violation of plaintiffs' civil rights resulting in wrongful termination pursuant to C.R.S. 24-34-402.5. The Case was tried to the court. Plaintiffs were successful partially successfulon the first two claims. The court entered an order reforming the covenant not to compete and awarded damages under the Wage Act in the amount of $29,473.58. Defendants prevailed on the third claim for violation of civil rights.


EXHIBIT A-2

Each side now requests attorney fees and costs as a prevailing party. Primarily, the claims are for attorney fees. Plaintiffs claim attorney fees for the Wage Act claim. Defendants claim attorney fees for the civil rights claim. Neither side requests attorney fees relating to the declaratory relief claim. As such, the court must first review the legal authority for awarding attorney fees relating to the Wage Act claim and the civil rights claim.

With regard to the Wage Act claim, C.R.S. 8-4-114 provides:

> "Whenever it is necessary for an employee to commence a civil action for the recovery or collection of wages and penalties due as provided by sections 8-4-104 and 8-4-105, the judgment in such action shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action."

With regard to the civil rights claim, C.R.S. 24-34-402.5 provides in pertinent part:

> "2) (a) Notwithstanding any other provisions of this article, the sole remedy for any person claiming to be aggrieved by a discriminatory or unfair employment practice as defined in this section shall be as follows: He may bring a civil suit for damages in any district court of competent jurisdiction and may sue for all wages and benefits which would have been due him up to and including the date of the judgment had the discriminatory or unfair employment practice not occurred; except that nothing in this section shall be construed to relieve such person from the obligation to mitigate his damages.
>
> (b) The court shall award the prevailing party in such action court costs and a reasonable attorney fee."

The threshold issue presented by these motions is whether both parties can be prevailing parties entitled to an award of attorney fees. To be a prevailing party that party must have succeeded on a significant issue presented in the litigation and must have achieved some benefits as sought in the action. *Bainbridge v. Douglas County Board of Commissioners*, 55 P.3d 271 (Colo.App. 2002). Plaintiffs did obtain a substantial benefit by

prevailing on the Wage Act claim. Defendants prevailed entirely on the civil rights claim. This multiple prevailing party situation was addressed by the court in *Langseth v. County of Elbert*, 916 P.2d 655 (Colo.App. 1996). There the court held that where there are separate and distinct claims as well as separate fee shifting statutes covering such claims, it is proper for both parties to be treated as a prevailing party so long as each has been successful on one of the separate claims.

Here, the court finds the Wage Act claim and the civil rights claim to be separate and distinct, even though both arose out of the same conduct by the parties. The Wage Act claim, in simplified terms, is to collect wages owed to a terminated employee at the time of termination. The issue of whether the termination was or was not proper is not an issue. On the other hand, the civil rights claim tests the legality of the termination and allows recovery of wages lost from the time of termination to the date of trial. Both statutes provide for an award of attorney fees to the prevailing party. Therefore, the court concludes that both plaintiffs and defendants can recover attorney fees in this action relating to the claim on which they prevailed.

The next step necessary to determine these motions is to evaluate the amount of each sides claim for attorney fees. Neither plaintiffs nor defendants claim to have kept time records on a claim-by-claim basis. As such, each has submitted records showing the total time spent and billed to their clients related to this action and argue the court should apportion the time giving proper weight to the time required for the individual claims. Needless to say, the parties differ greatly as to how the time should be apportioned. Under these circumstances, the court must evaluate the total time spent, and then determine how the attorney fees should be allocated with regard to the respective claims.

The court must first determine whether the fees charged were reasonable and for necessary services. The court starts with the lodestar analysis. The lodestar amount considers the number of hours reasonably expended multiplied by a reasonable hourly rate. The lodestar figure carries a strong presumption of reasonableness. After this initial determination, the court may adjust the lodestar calculation by considering other factors. *Spensieri v. Farmers Alliance Mutual Insurance*, 804 P.2d 268 (Colo.App. 1990). The court has also considered a number of related factors including: (1)the time and labor required, the

novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly; (2) the fee customarily charged in the locality for similar legal services; (3) the amount involved and the results obtained; (4) the time limitations imposed by the circumstances; (5) the experience, reputation and ability of the lawyer or lawyers performing the services; and (6) whether the fee is fixed or contingent. *Colorado Rules of Professional Conduct*, Rule 1.5; *Newport Pacific Capital Co. v. Waste*, 878 P.2d 141 (Colo.App. 1994).

The court finds that the questions involved in this case, both of fact and of law, were intricate and complex. The claims were aggressively pursued and aggressively defended. A great deal of pretrial activity, including very substantial discovery was involved. This included multiple depositions and written discovery procedures. The trial strategy of plaintiffs was well developed and carefully planned and prepared. Similarly, the defense necessary to meet the presentation of plaintiffs' claims was well developed, planned and prepared. The time and labor involved was very substantial as evidenced by the court's record, the trial proceedings and the billing statements. The attorneys who represented both plaintiffs and defendants were experienced and qualified for the type of litigation involved in this action. The hourly rates charged by counsel were no higher than customary in the Denver Metro Area and as commonly presented to the court in this type of litigation.[1] In this case the plaintiffs were prosecuting and defendants were facing claims for approximately $300,000. From the very beginning, the case was on a tight time line and required continuing and direct attention by counsel. Counsel for both sides showed they were skilled and competent trial attorneys. The fee arrangement each side had with their clients was for hourly services as is typical for this type of litigation.

Having considered all of the above factors, the court finds no reason to set aside the strong presumption of reasonableness and to make adjustments to the lodestar amount shown by the billing statements submitted by defendants' counsel. The fact that defendants were represented by two attorneys rather than one and that they incurred substantially more cost for attorney fees than plaintiffs does not mean the fees incurred by defendants were not reasonable as argued by plaintiffs. In

---

[1] There is a difference between the amount charged by defendants' counsel and the rate of compensation requested by the motion. That matter is discussed below.

litigation of this magnitude, the use of two attorneys is a practice widely used in the Denver metropolitan area. Based on the affidavits submitted with each motion, the court finds each side was reasonably justified in using the attorneys' time as shown in the motions. Other than an adjustment to the hourly rate claimed in this motion by defendants' discussed below, the court will use the lodestar amounts as a beginning point to allocate attorney fees under the fee shifting statutes.

As stated above, neither side in this action maintained time records on a claim-by-claim basis. While a party requesting attorney fees bears the burden of proving the claim by a preponderance of the evidence, if the attorney provides a reasoned and rational basis for the work done, he or she should be compensated accordingly. Counsel is not required to record in great detail how each minute of his time was expended, but should be required to identify the general subject matter of the time expenditures. *American Water Development, Inc. v. City of Alamosa*, 874 P.2d 352 (Colo. 1994). The court recognizes that in most instances it would have been very difficult to document time expenditures on a claim-by-claim basis because of cross-over issues. Therefore, the basis for apportioning indivisible time work must reflect the exercise of judgment based on the facts of the case.

Plaintiffs suggest that eighty percent of the time spent by counsel related to their Wage Act claim. Not surprisingly, defendants disagree and suggest two-thirds of the time required by counsel related to the civil rights claims.

Having followed this case from inception through trial, the court finds the following allocation of weight to the claims involved is as objective as the court finds possible. The court will allocate ten percent to the declaratory relief claim, thirty percent to the Wage Act claim and sixty percent to the civil rights claim. In making this allocation, the court has reviewed the entire case file and its notes made during trial. The court weights the civil rights claim more heavily not only because it was by far the largest damages claim, but more importantly because the central issue in the case was the question of wrongful termination which dominated the trial in this action. Under this formula, the court rules that plaintiffs are entitled to thirty percent and defendants to sixty percent of the total attorney fees incurred.

Plaintiffs' total attorney fees claim is for $33,534.50. Therefore the court will award plaintiffs thirty percent of that amount or $10,060.35.

Defendant's total attorney fees claim is based on the work of four individuals on defendants' litigation team including the two attorneys primarily in the trial of the action. Defendants request the fees be calculated on the present higher billing rate for the two attorneys rather than what they actually charged their clients. The court recognizes that defendants cite some law to support this argument. However, the court does not find it reasonable to shift this additional cost to plaintiffs. Therefore, the court will use the initial rates shown in the billing statements of $295/hour for Mr. Nachman and $185/hour for Mr. Kirkpatrick. This results in a gross calculation of $66,796.25 for attorney fees. The court will award sixty percent of that amount, or $40,077.75. The net of the two awards is an award to defendants of $30,017.40 for attorney fees.

Each party is also entitled to costs as a prevailing party under the fee/costs shifting statutes referred to above. Plaintiffs incurred $2,798.75 and defendants $2,129.22 as costs. The court has reviewed the items claimed and finds they are proper. The court will use the same formula as above; however, the court will include the declaratory relief claim percentage for plaintiffs.[2] Therefore, the court awards plaintiffs $1,119.50 and defendants $1,277.53 as costs. The net of these awards is an award to defendants of $158.03.

Based on the foregoing, the court grants both motions for attorney fees and costs and enters judgment in favor of defendants and against plaintiffs, jointly and severally, for the net amount of $30,175.43 as attorney fees and costs.

Dated at Brighton, Colorado this 1st day of July, 2003.

---

[2] Were it not for the fee and cost shifting statutes discussed herein, plaintiffs would have been the prevailing party under the general cost allocation statute, C.RS. 13-16-104. The court finds no reason to now exclude that portion of the costs which relate to the declaratory relief claim.

By the court:

**Duly signed original
in court file**

---

Donald W. Marshall, Jr.
District Court Judge

### CERTIFICATE OF MAILING

I hereby certify that the foregoing document was sent via JusticeLink (e-file) to all counsel of record and all pro se parties this 3rd day of July, 2003.

**Duly signed original
in court file**

---

Division Clerk