IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01482-REB-MJW

GEORGE DEWEY,

Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

Defendant.

---

**ORDER REGARDING
DEFENDANT'S MOTION FOR SANCTIONS FOR DISOBEDIENCE OF PRIOR
COURT ORDER OR IN THE ALTERNATIVE, MOTION TO COMPEL
(DOCKET NO. 57)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Defendant's Motion for Sanctions for Disobedience of Prior Court Order or in the Alternative, Motion to Compel (docket no. 57). The court has reviewed the motion, response (docket no. 61), and reply (docket no. 62). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

On January 6, 2006, this court ordered Plaintiff to provide complete responses to Defendant's interrogatories and to appear for deposition and answer questions he had refused to answer. During his deposition, Plaintiff admitted that his supplemental responses he provided to Defendant were inadequate. As a result of Plaintiff's failure

2

to provide full and complete responses to discovery requests to Defendant, the ability

for Defendant to conduct a fair examination of Plaintiff during his deposition was

frustrated.  Moreover, the Plaintiff unilaterally left his deposition over Defendant's

objection.  See Exhibit E attached to the subject motion.

Here, the court finds that Plaintiff's amended responses do not cure the defects

as outlined in the subject motion.  Furthermore, Plaintiff's failure to respond fully and

completely to Defendant's discovery requests has caused unnecessary delay of this

case and unnecessary expense to the Defendant.  Pursuant to Fed. R. Civ. P.30(d)(3):

"If the court finds that any impediment, delay, or other conduct has frustrated the fair

examination of the deponent, it may impose upon the persons responsible an

appropriate sanction, including the reasonable costs and attorney's fees incurred by

any parties as a result thereof."  Although Defendant strongly argues that dismissal is

the appropriate sanction under the facts of this case and pursuant to Fed. R. Civ. P. 37

and 41, this court concludes that other sanctions less drastic should be imposed

against Plaintiff.

**ORDER**

Based upon these findings of fact and conclusions of law, the court

ORDERS:

1.      That Defendant's Motion for Sanctions for Disobedience of Prior

Court Order or in the Alternative, Motion to Compel (docket no. 57)

is **GRANTED** as follows.

2.      That Plaintiff shall provide full and complete responses to

3

Defendant's discovery requests as outlined in the subject motion on or before March 31, 2006.

3.    That Defendant is permitted to complete the deposition of Plaintiff for an additional six (6) hours.  The parties shall forthwith meet and confer and reset Plaintiff's deposition on or before April 21, 2006.

4.    That the deadline to complete discovery is extended to April 21, 2006.

5.    That the deadline to file dispositive motions is extended to May 22, 2006.

6.    That the Final Pretrial Conference remains set on May 22, 2006, at 10:00 a.m.  The parties shall submit their proposed Final Pretrial Order to Magistrate Judge Watanabe on or before May 17, 2006, consistent with the e-filing requirements of this court.

7.    That as a sanction, Plaintiff shall pay to Defendant reasonable expenses for having to bring and prosecute the subject motion. Reasonable expenses shall include reasonable and necessary attorney's fees and costs.  The parties are to meet and confer to see if they can agree upon an amount.  If the parties can agree, then they shall file a stipulation as to that amount with the court on or before March 20, 2006.  If the parties cannot agree, then Defendant shall file its itemized affidavit for attorney's fees and costs with the court on or before March 20, 2006.  Plaintiff's

4

response to Defendant's itemized affidavit of attorney's fees and

costs shall be filed on or before March 30, 2006.  Defendant's reply

to Plaintiff's response shall be filed on or before April 10, 2006.

Done this 6th day of March 2006.

BY THE COURT:

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge