IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01482-REB-MJW

GEORGE DEWEY,

Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

Defendant.

---

**RECOMMENDATIONS ON
HP'S MOTION FOR SANCTIONS FOR CONTINUING DISOBEDIENCE OF COURT
ORDER (Docket No. 68) and
HP'S THIRD MOTION FOR SANCTIONS FOR DISOBEDIENCE OF COURT ORDER
(Docket No. 76)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on defendant HP's Motion for Sanctions for

Continuing Disobedience of Court Order (Docket No. 68) and HP's Third Motion for

Sanctions for Disobedience of Court Order (Docket No. 76). Plaintiff filed one

response, which although captioned as a response to the latter motion, appears to be a

combined response to both motions. (Docket No. 79). The court has reviewed the

motions, response, and combined reply (docket no. 81 and 82). In addition, the court

heard oral argument on the motions on May 3, 2006, has taken judicial notice of the

court's file, and has considered applicable Federal Rules of Civil Procedure and case

2

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and recommendations.

**Background**

Plaintiff commenced this diversity action through counsel on August 5, 2005.

(Docket No. 1).  In the Amended Complaint, the plaintiff states that he was employed in

the defendant's sales force from February 2, 2003, through January 31, 2005.  He

alleges that in November 2003 he received commission payments reflecting incentive

payments for sales generated in the fourth quarter of defendant's fiscal year 2003, but

over the course of the next several months, defendant claimed to have overpaid the

plaintiff approximately $12,000 and withheld monies from the plaintiff's future

employment income despite plaintiff's refusal to sign a tendered agreement to such

withholding.  Plaintiff also alleges:

> In the course of his employment, the Defendant underpaid the Plaintiff
> with respect to the following categories of commission-based pay:
> Because of Hewlett Packard's defective "margin tool" Mr. Dewey was
> underpaid approximately $1,200.00 per month from May, 2003 on; Mr.
> Dewey was not paid $5,000 for overtime and related bonuses; Mr. Dewey
> was given quotas which were impossible for him to achieve for which he
> is owed $8,000.00; An additional $16,000.00 is due to Mr. Dewey
> because of Hewlett Packard's untimely shipment of parts; and he is owed
> $6,000.00 on account of Hewlett Packard lowering his base salary.

(Docket No. 20, Am. Compl. at ¶ 12).  Plaintiff further claims that he also "sustained

additional damages including consequential damages consisting of loss of credit and

reputation as well as emotional distress damages."  (Docket No. 20 at ¶ 13).  Plaintiff

raises the following claims for relief:  breach of contract, willful and wanton breach,

Colorado Wage Act claim, theft, and a claim under the Colorado Organized Crime

3

Control Act.

A Scheduling Order and a Trial Preparation Conference Order were issued on October 11, 2005 (Docket Nos. 10 and 8). The deadline for completion of discovery was February 28, 2006, and the Final Pretrial Conference is set for May 22, 2006, at 10:00 a.m.

On December 22, 2005, defendant filed (1) a Motion to Compel Plaintiff's Attendance for Deposition on January 11, 2006 and to Respond to Defendant's Questions During Deposition and for An Award of Appropriate Sanctions (Docket No. 28) and (2) a Motion to Compel Responses to Interrogatories and Requests for Production of Documents (Docket No. 30). Following oral argument on January 6, 2006, this court found as follows. The first motion was granted in part and denied in part as stated below:

> The motion [was] **granted** in that Plaintiff shall respond during the deposition. The motion is **granted** in that sanctions are awarded to Defendant in the form of attorney fees and costs. Counsel shall meet and confer to try to agree upon the amount. . . . The motion is **denied** in that Plaintiff's [sic] does not have to attend the January 11, 2006 deposition. Plaintiff's deposition is reset to February 7, 2006, at 9:00 a.m., in Colorado.

(Docket No. 36 - Courtroom Minutes/Minute Order). This court also granted the second motion and directed that full responses be provided to the defendant on or before January 23, 2006. Sanctions were also awarded to the defendant with respect to that motion in the form of attorney fees and costs. (Docket No. 36 - Courtroom Minutes).

On February 28, 2006, defendant filed Defendant's Motion for Sanctions for Disobedience of Prior Court Order or in the Alternative, Motion to Compel (docket no.

4

57).  In an Order regarding that motion (Docket No. 63), this court found as follows.  On January 6, 2006, this court ordered the plaintiff to provide complete responses to defendant's interrogatories and to appear for deposition and answer questions he had refused to answer.  The court noted that during his deposition, plaintiff admitted that his supplemental responses he provided to the defendant were inadequate.  As a result of the plaintiff's failure to provide full and complete responses to discovery requests to defendant, this court found that the ability for the defendant to conduct a fair examination of the plaintiff during his deposition was frustrated.  Moreover, the plaintiff unilaterally left his deposition over defendant's objection.

The court found that the plaintiff's amended responses did not cure the defects as outlined in the subject motion.  Furthermore, the plaintiff's failure to respond fully and completely to the defendant's discovery requests caused unnecessary delay of this case and unnecessary expense to the defendant.  Although the defendant strongly argued that dismissal was the appropriate sanction under the facts of this case and pursuant to Fed. R. Civ. P. 37 and 41, this court concluded at that time that other sanctions less drastic should be imposed against the plaintiff.  Accordingly, this court granted the defendant's motion (Docket No. 57) as follows.  Plaintiff was directed to provide full and complete responses to the defendant's discovery requests as outlined in the subject motion on or before March 31, 2006.   Defendant was permitted to complete the deposition of plaintiff for an additional six (6) hours.  The parties were directed to forthwith meet and confer and reset the plaintiff's deposition on or before April 21, 2006.  The deadline to complete discovery was extended to April 21, 2006,

and the deadline to file dispositive motions was extended to May 22, 2006.  The Final

Pretrial Conference remained set on May 22, 2006, at 10:00 a.m., and the parties were

directed to submit their proposed Final Pretrial Order to the court on or before May 17,

2006.  Finally, as a sanction, the plaintiff was directed to pay to the defendant the

defendant's reasonable expenses, including reasonable and necessary attorney fees,

for having to bring and prosecute the subject motion.  The parties were directed to meet

and confer to see if they could agree upon an amount, but if an agreement could not be

reached, a briefing schedule was set forth.  (Docket No. 63).  That issue remains

pending and is being ruled on in a separate order.

Despite this court's Order directing the parties to set the plaintiff's continued

deposition on or before April 21, 2006 (Docket No. 63), on April 10, 2006, the plaintiff

filed a brief Motion for Protective Order (Docket No. 72), in which he merely stated the

following:

1.      The defendant has Noticed Mr. Dewey's deposition for April 13, 2006.  A
        copy of the Notice is attached.

2.      Mr. Dewey has recently started a new job with Dell in Texas.  He
        has already taken off a number of days from his new job in order to
        be present for two prior depositions here in Colorado as well as a
        settlement conference before Magistrate Judge Watanabe.  As a
        result of his already having taken off these days, Mr. Dewey cannot
        take off another day until June without occurring a substantial risk
        that he will be terminated.  (A copy of my letter to Mr. Nadel
        explaining this is attached: also attached is Mr. Nadel's response.)[1]

---

[1]Plaintiff's counsel stated in his April 7, 2006, letter to defense counsel:

        Although I have a trial scheduled to begin late this month, the
Dewey deposition scheduling problem was not related to my own
availability; rather, it is a problem for Mr. Dewey himself.  As you know, he

6

(Docket No. 72).  This court promptly denied that motion (Docket No. 75) and ordered

that the plaintiff's deposition was to be conducted on April 13, 2006, at 9:00 a.m. as

noticed by the defendant.  This court stated in that Minute Order that

> [o]n March 6, 2006, this court ordered, *inter alia*, that the plaintiff's
> continued deposition was to be reset to on or before April 21, 2006.
> (Docket No. 63).  Accordingly, almost one month ago, on March 17, 2006,
> defendant noticed plaintiff's deposition for April 13, 2006, at 9:00 a.m.
> (See Notice of Continued Deposition of George Dewey attached to
> Plaintiff's Motion for Protective Orders [sic], Docket No. 72).
> Nevertheless, just three days before the scheduled deposition, plaintiff
> seeks to put off his continued deposition until after the beginning of June.
> This request is denied.  This is the plaintiff's case, yet he has been
> causing unnecessary delay and frustrating the course of discovery.
> Plaintiff shall not be permitted to continue to avoid the completion of his
> deposition.  Plaintiff has not established that there is a substantial risk
> that he will be terminated from his employment as a result of his
> deposition on Thursday.

(Docket No. 75).

## Pending Motions for Sanctions/Dismissal

On April 7, 2006, defendant filed its Motion for Sanctions for Continuing

------------

> just started a new job with Dell.  Unfortunately, he is convinced that if he
> takes another day off before the first of June, he will be terminated from
> that position.
>
> If you are agreeable, we can figure out a date in early June for Mr.
> Dewey to come and have his deposition concluded.  He assures me that
> he would be available the entire day, from even before 9:00 until 5:00 if
> that's what you need.
>
> Given the exigent circumstances, I doubt that Magistrate Judge
> Watanabe would have any problem if we were to stipulate to an
> amendment of the scheduling order to accommodate this final discovery
> event.

(Docket No. 72-2 at 3).

Disobedience of Court Order (Docket No. 68), which is now before the court.  In that

motion, defendant claims that contrary to this court's March 6, 2006, Order directing

plaintiff to provide complete responses on or before March 31, 2006 (Docket No. 63),

the plaintiff did not provide any further responses, nor did he request an extension of

time as required by the Local Rules.  In an effort to confirm that no responses had been

served, defense counsel spoke with a member of plaintiff's counsel's office who

confirmed that no such Third Supplemental Responses were served.  Defendant

asserts that was the second time the plaintiff disregarded an Order from this court to

provide complete responses to the interrogatories that were served by the defendant at

the early stages of this litigation.  Therefore, defendant seeks either dismissal of this

action or imposition of sanctions resolving in defendant's favor the factual issues

addressed by its interrogatories, as well as attorney fees for bringing the motion.

(Docket No. 68).

On April 13, 2006, the defendant filed its Third Motion for Sanctions for

Disobedience of Court Order, which is also now before the court.  This motion arose

following the plaintiff's failure to appear for his deposition that day in contravention of

this court's Orders issued April 11, 2006 (Docket No. 75) and March 6, 2006 (Docket

No. 63).  In this motion defendant seeks dismissal of this action with prejudice and

judgment in defendant's favor, as well as an award of its fees and costs.  Defendant

states in its motion that as a result of the plaintiff's "discovery abuses, [defendant] has

now filed five separate discovery motions addressing seven separate discovery

abuses, including four separate violations of this Court's Orders."  With regard to the

8

most recent discovery abuse alleged by defendant, defendant states:

> As mentioned above, this Court's March 6, 2006 Order specifically ordered [plaintiff] to appear for a continued deposition by April 21, 2006. In response, [plaintiff] attempted to abuse D.C.COLO.LCivR 30.2 (which automatically stays a deposition when a motion for protective order is filed), by filing a Motion for Protective Orders [sic] (Document 72) on April 10, 2006 only three days before his deposition was set to take place. Seeing through [plaintiff's] inappropriate tactic of seeking a protective order at the last minute, this Court summarily denied [plaintiff's] motion the day after it was filed. (*See* Document 75). In so doing, this Court specifically found that: "This is the Plaintiff's case, yet he has been causing unnecessary delay and frustrating the course of discovery. Plaintiff shall not be permitted to continue to avoid the completion of his deposition." (Id.)

> Although the Court clearly reached the right result, it did so without knowing the full extent of [plaintiff's] bad faith. Because that background is relevant to this fifth motion filed by [defendant] in connection with [plaintiff's] discovery abuses, [defendant] will summarize that background here.

> In an effort to comply with this Court's March 6, 2006 Order requiring that Plaintiff's deposition be completed by April 21, 2006, [defendant] sent Plaintiff's Counsel a letter on March 7, 2006 asking whether Plaintiff was available for deposition on April 13, 2006 or April 14, 2006. Plaintiff's Counsel never responded to that letter. Accordingly, on March 17, 2006, [defendant] sent another letter to Plaintiff's Counsel noting that he had not responded to the March 7, 2006 correspondence, and enclosing a deposition notice for April 13, 2006.

> Plaintiff did not respond to the March 17, 2006 letter or object to the deposition notice enclosed with that letter until March 29, 2006. Although Plaintiff's Counsel had otherwise failed to respond to either Mr. Nadel's March 7, 2006 correspondence or his March 17, 2006 correspondence, Plaintiff's Counsel tersely (and incorrectly) claimed in his March 29, 2006 letter that [defendant] had failed to confer in setting Plaintiff's deposition. Moreover, in what can only have been a conscious effort to further delay the litigation of this case, Plaintiff's Counsel failed to provide any dates that [plaintiff] is available.

> Nevertheless, in an extreme effort to confer with Plaintiff's Counsel in setting Plaintiff's deposition, [defendant] sent [plaintiff's] Counsel another letter suggesting five

9

alternate dates prior to April 21, 2006 for [plaintiff's] deposition, and also suggesting the first business day after April 21, 2006 in the event that was the only day [plaintiff] and his Counsel were available.  In response, [plaintiff's] Counsel surprisingly requested in an April 6, 2006 letter that [plaintiff's] deposition be postponed until June, which is well after the April 21, 2006 deadline established in this Court's March 6, 2006 Order, well after the dispositive motion's deadline, and well after the Final Pretrial Conference.  Plaintiff's Counsel conceded that he himself was available, and that the only reason he did not want to appear for deposition was that [plaintiff] did not want to miss work.  (Id.)  Accordingly, [defendant] refused [plaintiff's] request that same day.  It was not until four days later that [plaintiff] tactically filed a motion for protective order, hoping to avoid his deposition by operation of D.C.COLO.LCivR 30.2.

> Notwithstanding this Court's March 6, 2006 Order requiring [plaintiff] to appear for deposition on or before April 21, 2006, and notwithstanding this Court's April 11, 2006 Order specifically requiring [plaintiff] to appear for deposition on April 13, 2006, [plaintiff] did not appear for his deposition.  To add insult to injury, Plaintiff's Counsel did not call [defendant's] Counsel the day before the deposition to inform him that [plaintiff] would not appear for his deposition as Ordered by this Court so that [defendant] could save the cost of having a court reporter appear.

(Docket No. 76 at 3 - 6) (footnotes omitted).  Defendant asserts that dismissal is the appropriate remedy pursuant to Fed. R. Civ. P. 37(d), 37(b)(2)(C), and 41(b) and that defendant should be awarded its fees and costs against both the plaintiff and his counsel pursuant to Fed. R. Civ. P. 37(d).

Plaintiff gave the following curt response to the defendant's motions:

I.  PLAINTIFF'S "DISOBEDIENCE" OF COURT ORDER REGARDING DEPOSITION TESTIMONY

> On January 6, 2006, the Court ordered that Plaintiff appear for a third round of depositions by April 21, 2006.  On March 29, 2006, after diligently requesting time off work from his employer and being denied the same, Plaintiff's counsel sent a letter to Defendant's counsel regarding the difficulties surround the April 14, 2006 deposition.  At that time, the Plaintiff also filed a Motion for Protective Orders explaining his predicament to the Court.  When weighing his options between obeying the Court's Order and becoming unemployed, [plaintiff] regretfully was not able to make himself available on the date Mr. Nadel insisted upon.

10

## II.  PLAINTIFF'S "DISOBEDIENCE" OF COURT ORDER REGARDING DISCOVERY

On December 9, 2005, Plaintiff submitted his First Responses to HP's First Set of Discovery Requests.  These Responses were deemed inadequate.  On January 21, 2006, Plaintiff submitted his First Amended Responses to HP's First Set of Discovery Requests.  Again, the Responses were deemed inadequate.  On March 1, 2006, Plaintiff submitted his Second Amended Responses to HP's First Set of Discovery Requests.  Mr. Dewey believed that when he went through the documents and identified which were responsive to each of the individual interrogatories, as was requested of him by Defendant's counsel, he had fully complied with all of the outstanding discovery orders.

(Docket No. 79).

Oral argument was heard on these two motions on May 3, 2006, at 9:30 a.m. Plaintiff and counsel appeared in person as directed, and the court had placed the plaintiff on notice to be prepared to stay in the Denver area for his continued deposition.  During oral argument, however, it became evident that due to the plaintiff's continued failure to provide needed discovery to the defendant, the defendant was not in a position at that time to complete the plaintiff's deposition.

While plaintiff puts the word "disobedience" in quotes in his short response to the defendant's third motion for sanctions, it is clear that he intentionally disobeyed this court's orders.  Plaintiff intentionally did not appear for his deposition on April 13, 2006, despite being specifically ordered to appear by this court in the April 11, 2006, Minute Order (Docket No. 75).  Furthermore, as noted above, this court had previously directed the parties to set the plaintiff's continued deposition for on or before April 21, 2006, yet despite that clear directive, plaintiff then sought to get defense counsel and then this court to agree to having his deposition delayed even further until June, which

11

would be after the dispositive motion deadline and after the final pretrial conference.

In his Response, and even at oral argument, plaintiff surprisingly never provided any support for his purported basis for the further delay, namely, his belief that he would lose his job at Dell in Texas, which he has had since February 2005 (see Docket No. 57 at 5, answer to Interrogatory 12), if he took time off before June to attend his one-day deposition.  Plaintiff has not provided the court with an affidavit attesting to the basis for this belief, nor did he provide an affidavit from his employer stating that the leave purportedly requested was denied and that plaintiff would in fact be terminated if he was off work on April 13, 2006, for his deposition.  Furthermore, plaintiff's counsel did not even proffer any support for this claimed belief or concern of his client.  The court has never been provided with information about this purported belief or concern, such as how much leave time plaintiff is granted, how much leave time he has used as a result of this case and for personal reasons, how much leave time he has remaining, what actions he took to "diligently request[] time off work from his employer" (Docket No. 79 at 1), and the like.  In addition, as noted by the defendant in its most recent motion, both Texas, where the plaintiff lives, and Colorado have statutes prohibiting employers from discharging employees for taking part in the judicial process. See Texas Labor Code § 52.051 and § 8-2.5-101, C.R.S.  Plaintiff thus has not shown any reason for this court to believe that he would have been terminated from his job with Dell in Texas.  (Docket No. 72 ).  Finally, neither the plaintiff nor his attorney have provided any basis for not even having the courtesy of advising defense counsel that they were not going to bother appearing for the court-ordered deposition on April 13,

12

2006, which caused the defendant to incur additional needless expense.

With regard to the plaintiff's responses to the defendant's discovery requests, plaintiff notes in his Response that this court twice deemed his responses to be inadequate and that on March 1, 2006, he submitted his Second Amended Responses, which he apparently believes were responsive and thus that he had fully complied with all of the outstanding discovery orders.  Plaintiff's belief is unfounded.

As correctly pointed out by defendant in its Reply, the plaintiff submitted his Second Amended Responses prior to this court's ruling on the defendant's first motion for sanctions, and the defects in those Second Amended Responses were the primary focus of the defendant's reply brief in support of its first motion for sanctions.  (Docket No. 62).  Furthermore, this court specifically noted in its March 6, 2006, Order that it had considered that reply brief in reaching its ruling and then found "that Plaintiff's amended responses do not cure the defects as outlined in the subject motion."  (Docket No. 63 at 2).  This court then specifically ordered the plaintiff to provide full and complete responses on or before March 31, 2006.  (Docket No. 63 at 2-3).  To date plaintiff has failed to do so.

Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

13

Fed. R. Civ. P. 16(f).   Furthermore, Rule 37(b)(2) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
>
> . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2) (emphasis added).  In addition, Rule 37(d), which pertains to

the failure of a party to attend its deposition or serve answers to interrogatories or

respond to requests for inspection, permits the court to "make such orders in regard to

the failure as are just, and among others it may take any action authorized under

subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."  Fed. R. Civ. P. 37(d).

14

In addition, that rule provides that "[i]n lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d).

In addition, Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." Id. at 921.

In its pending motions, the defendant has reviewed the above Ehrenhaus factors. Upon due consideration of those factors and the above history of this case, this court recommends dismissal of this action with prejudice and an award of fees and costs to the defendant. This court finds that the defendant has been unduly prejudiced

by the plaintiff's repeated failure to comply with this court's Orders.  Plaintiff has very clearly frustrated the defendant's ability to discover the nature of the plaintiff's claims, has caused undue delay, and has caused much increased expense to the defendant.

In addition, it is readily apparent that plaintiff has interfered with the judicial process.  Time after time plaintiff has not complied with this court's Orders, most recently being his blatant, intentional disobedience of this court's Order directing that he appear on April 13, 2006, for his deposition, which was made even more egregious by his and his attorney's failure to advise defense counsel that they would not be appearing as ordered.

Furthermore, this court agrees that only the plaintiff can be held accountable for his refusal to appear for his court-ordered continued deposition and his refusal to provide complete discovery responses.  As noted by the defendant, plaintiff admitted under oath that he has more information to give, but he has obviously chosen not to do so.  The court does find that plaintiff's counsel is also culpable in causing some of the defendant's needless expenses, namely, the costs of the April 13, 2006, deposition, because counsel has not shown that he notified defense counsel that neither he nor his client would appear as ordered.  In addition, it appears that plaintiff's counsel failed to comply with this court's Order of March 6, 2006, by not meeting and conferring with defense counsel forthwith to schedule the plaintiff's continued deposition on or before April 21, 2006.  (Docket No. 63).

Plaintiff has been on notice that dismissal of this action was a possible sanction for his failure to comply with court orders.  Defendant has repeatedly strongly argued

16

that dismissal is the appropriate sanction under Rules 37 and 41. This court, however, previously concluded that other sanctions less drastic should be imposed (see Docket No. 63). Nevertheless, this court's imposition of monetary sanctions upon the plaintiff for failing to produce documents, failing to answer interrogatories fully, failing to answer deposition questions, violating the court's January 6, 2006, Order requiring complete interrogatory answers, and unilaterally terminating his deposition has apparently not had any impact on the plaintiff's behavior because he continued to violate this court's orders by failing to provide supplemental interrogatory responses and failing to appear for his court-ordered deposition.

This is the plaintiff's case, yet he has repeatedly caused unnecessary delay and expense, wasted valuable court resources, and frustrated the course of discovery. This court finds that the plaintiff's repeated misconduct has been willful. Inasmuch as less drastic remedies were unsuccessful in getting the plaintiff to comply with court orders and fulfill his responsibilities to permit the orderly progression of this case, this court finds that dismissal is warranted.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that HP's Motion for Sanctions for Continuing Disobedience of Court Order (Docket No. 68) and HP's Third Motion for Sanctions for Disobedience of Court Order (Docket No. 76) be granted, that this action be dismissed with prejudice, that the plaintiff be ordered to pay the defendant's reasonable attorney fees and costs of these motions, and that the plaintiff and his attorney be directed to pay the defendant's reasonable attorney fees and costs incurred as a result of the plaintiff's

failure to appear for his deposition as ordered on April 13, 2006.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  May 18, 2006                    s/Michael J. Watanabe
   Denver, Colorado            Michael J. Watanabe
            United States Magistrate Judge