# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-01482-REB-MJW

GEORGE DEWEY,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

    Defendant.

## ORDER CONCERNING ATTORNEY FEE & COSTS AWARDS

**Blackburn, J.**

This matter is before me on the following motions: 1) **HP's Request for Ruling on Pending Fee Declaration (Docket No. 42)** [#93], filed June 19, 2006; 2) **Stipulated Motion for Award of Attorneys' Fees in Favor of HP on Colorado Wage Claim Act Claims** [#95], filed June 27, 2006; 3) **HP's Motion for Award of Specific Fee Amount in Connection with June 14, 2006 Fee Award** [#98], filed June 30, 2006; and 4) **HP's Motion for Award of Specific Fee Amount in Connection with June 27, 2006 Stipulation** [#99], filed June 30, 2006.  I have reviewed the relevant responses and replies.

HP seeks orders from this court specifying the amount of attorney fees to be awarded based on orders previously entered by the court imposing sanctions, in the form of attorney fees and costs, against the plaintiff.  In addition, HP seeks an award of attorney fees based on the dismissal of the plaintiff's claim under the Colorado Wage Claim Act.  HP seeks a determination of a specific amount of attorney fees awarded on

that claim.

## I. STANDARD OF REVIEW

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. **Hensley v. Eckerhart**, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); **Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996). In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client. **Hensley**, 103 S.Ct. at 1941; **Malloy**, 73 F.3d at 1018. "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" **Hensley**, 103 S.Ct. at 1940 (quoting **Copeland v. Marshall**, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphases in **Copeland**). Counsel therefore must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Id*. at 1939-40. Generally, a party seeking an award of attorney fees and costs must demonstrate that the fees and costs they seek are reasonable.

## II. ANALYSIS

The motions outlined above concern attorney fees awards with three independent bases The first award is based on an order entered by Magistrate Judge Watanabe on January 6, 2006 (January 6, 2006, Award). Judge Watanabe ordered that sanctions be imposed against the plaintiff, in the form of attorney fees and costs associated with two motions to compel filed by the defendant. Those motions are docketed as [#38] and [#30]. The parties were unable to agree on the proper amount of fees and costs to be awarded. The defendant then filed a fee declaration [#42], the

2

plaintiff filed an objection [#44], and the defendant filed a reply [#53].

The second award is based on my order [#92], filed June 14, 2006, in which I granted two motions for sanctions filed by HP [#68] and [#76] (June 14, 2006, Award). HP has filed a declaration [#97] on June 30, 2006, in support of its request for an award of a specific amount of attorney fees. The plaintiff has not filed a response to this declaration.

The third award is based on the parties' stipulation [#95], filed June 27, 2006, in which they agreed that HP is entitled to an award of attorney fees on the plaintiff's claim under the Colorado Wage Act (Wage Act Award). HP filed a declaration [#103] July 3, 2006, in support of its request for an award of a specific amount of attorney fees. The plaintiff has not filed a response to this declaration.

In their declarations in support of their motions for specific awards on the June 14, 2006, Award and the Wage Claim Award, HP has adopted the hourly rates which Judge Watanabe found to be reasonable when he awarded attorney fees as a sanction on another matter in this case. *Order* [#88], filed May 19, 2006. Those rates are 300 dollars per hour for Darren Nadel, 175 dollars per hour for Emily Pastorius, and 70 dollars per hour for Stacy Hines. *Declarations* [#97 & #103], filed June 30 and July 3, 2006. I will apply the same rates to the awards at issue here. In addition, I will apply an hourly rate of 175 dollars per hour for Joshua Kirkpatrick, 110 dollars per hour for William Banks, and 70 dollars per hour for Kathy Matise. I conclude that these hourly rates are reasonable, and I will apply these rates for each of the three fee awards at issue here.

**January 6, 2006, Award** - I have reviewed HP's fee declaration [#42], the plaintiff's objection [#44], and HP's reply [#53] concerning this award. I conclude that

3

the amount of time spent by Mr. Nadel, Mr. Kirkpatrick, Ms. Pastorius, and Ms. Matise on the motions at issue in the January 6, 2006, Award is reasonable. Mr. Nadel spent 7.25 hours, which is subject to the billing rate of 300 dollars per hour, resulting in a fee award of 2,175 dollars. Mr. Kirkpatrick spent 5.0 hours, which is subject to a billing rate of 175 dollars per hour, resulting in a fee award of 875 dollars. Ms. Pastorious spent 11.25 hours, which is subject to a billing rate of 175 dollars per hour, resulting in a fee award of 1,968.75 dollars. Ms. Matise spend 6.0 hours, which is subject to a billing rate of 70 dollars per hour, resulting in a fee award of 420 dollars. I conclude also that the request for 2.60 dollars for copying costs is reasonable. These attorney fees and costs total 5,441.35 dollars.

**June 14, 2006, Award** - I have reviewed HP's fee declaration [#97] concerning this award. Again, the plaintiff has not filed a response. I conclude that the amount of time spent by Mr. Nadel, Ms. Pastorius, and Ms. Hines on the motions and discovery at issue in the June 14, 2006, Award is reasonable.

In my order [#92], filed June 14, 2006, I ordered the plaintiff to pay the defendant's reasonable attorney fees and costs incurred in the filing and prosecution of two motions, [#68] and [#76]. I ordered also that the plaintiff and his attorney pay the defendant's reasonable attorney fees and costs incurred as a result of the plaintiff's failure to appear for his deposition on April 13, 2006. As a result, I will specify two specific amounts for the June 14, 2006, Award. Only the plaintiff is required to pay the first amount, the amount tied to the two motions docketed as [#68] and [#76]. Both the plaintiff and his counsel are ordered to pay the second amount, the amount tied to the plaintiff's failure to appear for his deposition on April 13, 2006.

On the motions docketed as [#68] and [#76], Mr. Nadel spent 29.75 hours, which

4

is subject to the billing rate of 300 dollars per hour, resulting in a fee award of 8,925 dollars. Ms. Pastorious spent 6.25 hours, which is subject to a billing rate of 175 dollars per hour, resulting in a fee award of 1,093.75 dollars. Ms. Hines spent 12.75 hours, which is subject to a billing rate of 70 dollars per hour, resulting in a fee award of 892.50 dollars. These amounts total 10,911.25 dollars.

With regard to the plaintiff's failure to appear for his deposition on April 13, 2006, Mr. Nadel spent 5.75 hours, which is subject to the billing rate of 300 dollars per hour, resulting in a fee award of 1,725 dollars. Ms. Hines spent 1.5 hours, which is subject to a billing rate of 70 dollars per hour, resulting in a fee award of 105 dollars. These amounts total 1,830 dollars. Again, both the plaintiff and his counsel are ordered to pay 1,830 dollars to the defendant.

**Wage Act Award** - As the prevailing party on the plaintiff's claim under the Colorado Wage Act, §§ 8-4-101 through 8-4-123, C.R.S., HP is entitled to an award of its reasonable attorney fees incurred in defending the action. §8-4-110, C.R.S. A fee award under this section is mandatory. ***Davidson v. Bonteso Gold Corp.***, 851 P.2d 254, 255-256 (Colo.App. 1993).

I have reviewed HP's fee declaration [#103] concerning this award. The plaintiff has not filed a response. HP argues that the fees it incurred in defense of the plaintiff's Wage Act claim are indivisible from the plaintiff's other claims. Having reviewed the record in this case, I agree. The billing records included in HP's declaration [#103] in support of a fee award on the Wage Act claim apply the hourly rates that I have found to be reasonable. I further conclude that the number of hours attributed to particular tasks in these billing records generally is reasonable. I note also that the billable items listed in the billing records included in HP's declaration in support of a fee award on the

5

Wage Act claim do not duplicate billable items relevant to the other fee awards discussed in this order.  On this basis, I conclude that the defendant is entitled to an award of 69,606.25 dollars as compensation for reasonable attorney fees incurred for the defendant's defense of the plaintiff's claim under the Colorado Wage Act.

### III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **HP's Request for Ruling on Pending Fee Declaration (Docket No. 42)** [#93], filed June 19, 2006, is **GRANTED**;

2. That the plaintiff, George Dewey, **SHALL PAY 5,441.35 dollars** to defendant, Hewlett-Packard Company, as payment for Hewlett-Packard's reasonable attorney fees and costs based on the court's order [#38] imposing sanctions, filed January 6, 2006 (January 6, 2006, Award);

3. That **HP's Motion for Award of Specific Fee Amount in Connection with June 14, 2006 Fee Award** [#98], filed June 30, 2006, is **GRANTED**;

4. That plaintiff, George Dewey, **SHALL PAY 10,911.25 dollars**  to defendant, Hewlett-Packard Company, as payment for Hewlett-Packard's reasonable attorney fees based on paragraph number five on page two of the court's order [#92] imposing sanctions, filed June 14, 2006 (June 14, 2006, Award);

5. That plaintiff, George Dewey, and his counsel **SHALL PAY 1,830 dollars**  to defendant Hewlett-Packard Company as payment for Hewlett-Packard's reasonable attorney fees based on paragraph number six on page three of the court's order [#92] imposing sanctions, filed June 14, 2006 (June 14, 2006, Award);

6.  That the parties' **Stipulated Motion for Award of Attorneys' Fees in Favor of HP on Colorado Wage Claim Act Claims** [#95], filed June 27, 2006, is **GRANTED**;

7.  That **HP's Motion for Award of Specific Fee Amount in Connection with June 27, 2006 Stipulation** [#99], filed June 30, 2006, is **GRANTED**;

8.  That plaintiff, George Dewey, **SHALL PAY 69,606.25 dollars** to defendant, Hewlett-Packard Company, as payment for Hewlett-Packard's reasonable attorney fees based on the parties' **Stipulated Motion for Award of Attorneys' Fees in Favor of HP on Colorado Wage Claim Act Claims** [#95], filed June 27, 2006.

Dated March 5, 2007, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**